Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| EDWIN TOLEDO P/C: ING. WILFREDO TOLEDO LÓPEZ, LIC. 5189<br><br>Recurrido<br><br>v.<br><br>OFICINA DE GERENCIA DE PERMISOS (OGPe)<br><br>Agencia recurrida<br><br>v.<br><br>FRANCISCO J. RIVERA LÓPEZ<br><br>Interventor-Recurrente | TA2025RA00226 | *REVISIÓN ADMINISTRATIVA* procedente de la Oficina de Gerencia de Permisos<br><br>Caso número: 2023-519498-PCOC-041084<br><br>Intervención núm. 2025-SIN-300655<br><br>Sobre: Permiso de construcción consolidado para construcción de edificio comercial de una planta en hormigón armado y bloques |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de octubre de 2025.

Comparece ante nos la parte recurrente, Francisco J. Rivera López, mediante revisión judicial y solicita que revoquemos la determinación emitida y notificada por la Oficina de Gerencia de Permisos el 14 de agosto de 2025. Mediante el referido dictamen, la agencia declaró No Ha Lugar la solicitud de intervención instada por la parte recurrente.

Por los fundamentos que expondremos a continuación, se confirma la determinación administrativa recurrida.

**I**

El 13 de agosto de 2025, Francisco J. Rivera López (Rivera López o recurrente) instó una *Solicitud de Intervención* ante la Oficina de Gerencia de Permisos (OGPe o recurrida) para intervenir

en el Caso Núm. 2023-519498-PCOC-041084.[1] En síntesis, solicitó la nulidad del Permiso de Construcción Núm. 2023-519498-PCOC-041084 (Permiso) solicitado el 14 de noviembre de 2023, emitido por un profesional autorizado el 2 de mayo de 2025. Según argumentó, la propuesta de construcción incumplió con varios requerimientos legales que impedían su expedición. En ese sentido, planteó que su intervención en el caso provocaría que la agencia tuviera toda la prueba que acreditaba la nulidad de la referida propuesta.

Evaluada la moción, el 14 de agosto de 2025, la OGPe emitió y notificó la *Resolución* que nos ocupa, mediante la cual declaró No Ha Lugar la *Solicitud de Intervención* promovida por Rivera López.[2] En particular, señaló que no había un procedimiento de evaluación ni adjudicativo pendiente ante sí. Indicó que el permiso en cuestión objeto de la solicitud fue emitido el 2 de mayo de 2025.

Inconforme con la determinación de la agencia, el 12 de septiembre de 2025, la parte recurrente compareció ante nos y señaló los siguientes errores:

> Erró en derecho la Oficina de Gerencia y Permisos ("OGPe") al denegar la Solicitud de Intervención radicada por esta parte al concluir que no existe ante la "OGPe", [a]gencia [r]ecurrida[,] un procedimiento adjudicativo pendiente.
>
> Erró en derecho la Oficina de Gerencia y Permisos (OGPe) al no ordenar la paralización de los efectos del Permiso de Construcción 2023- 519498-PCOC-041084 aplicando la §14.3 de la Ley [Núm.] 161 de 1 de diciembre de 2019, según enmendada conocida como "Ley para la Reforma del Proceso de Permisos de Puerto Rico".
>
> Erró en derecho la Oficina de Gerencia y Permisos (OGPe) pues su inacción le da razón, sentido y legalidad al desarrollo aquí propuesto en el caso de permiso de construcción número 2023-519498-PCOC-041084 aprobado ante las siguientes consideraciones de hecho y derechos *[sic]* esbozados en la Solicitud de Intervención en el caso 2025-SIN-300655.

---

[1] Apéndice 1 del Caso Núm. TA2025RA00226 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Apéndice 2 del Caso Núm. TA2025RA00226 en el SUMAC.

En cumplimiento con nuestra *Resolución* del 16 de septiembre de 2025, la OGPe compareció mediante *Alegato en Oposición de la Oficina de Gerencia de Permisos al Recurso de Revisión Judicial al Honorable Tribunal de Apelaciones*, el 3 de octubre del año corriente. Por otro lado, el recurrido Edwin Toledo López compareció mediante *Alegato del Recurrido* el 16 de octubre de 2025.

Con el beneficio de la comparecencia de las partes, así como con la copia certificada del expediente administrativo, nos disponemos a resolver el recurso que nos ocupa.

## II

### A

Sabido es que los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Otero Rivera v. Bella Retail Group, Inc. y otros*, 2024 TSPR 70, resuelto el 24 de junio de 2024; *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99 (2023); *OEG v. Martínez Giraud*, 210 DPR 79 (2022); *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Es por ello, que, tales determinaciones suponen una presunción de legalidad y corrección que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Transporte Sonnell, LLC v. Junta de Subastas de la Autoridad de Carreteras y Transportación de Puerto Rico y otro*, 2024 TSPR 82, resuelto el 24 de julio de 2024; *Otero Rivera v. Bella Retail Group, Inc. y otros*, supra; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216 (2012). No obstante, tal norma no es absoluta. Es por ello que nuestro Máximo Foro ha enfatizado que no podemos imprimirle un sello de corrección, so pretexto de

deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho. *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, 213 DPR 753 (2023).

En *Torres Rivera v. Policía de PR*, 196 DPR 606, 628 (2016), nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la siguiente forma:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos, procede que se valide la interpretación que realizó la agencia administrativa recurrida. *Íd.* Véase, además, *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, supra, y *Super Asphalt v. AFI y otro*, supra, pág. 819.

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad. *OEG v. Martínez Giraud*, supra; *Super Asphalt v. AFI y otro*, supra, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 127; *Torres Rivera v. Policía de PR*, supra, pág. 626. Bajo este criterio, se limita la revisión judicial a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción. *Íd.*

Bajo este supuesto, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9675 (LPAU), estableció "el marco de revisión judicial de las determinaciones de las agencias administrativas". *Otero Rivera v. Bella Retail Group, Inc. y otros*, supra; *Rolón Martínez v. Supte. Policía*, supra, pág. 35. La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la

agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan*, 2025 TSPR 33, resuelto el 27 de marzo de 2025, citando a *Pagán Santiago et al. v. ASR*, 185 DPR 341, 358 (2012); *Rolón Martínez v. Supte. Policía*, supra, págs. 35-36; *OEG v. Martínez Giraud*, supra; *Torres Rivera v. Policía de PR*, supra, págs. 626-627; *Batista, Nobbe v. Jta. Directores*, supra, pág. 217. Nuestro Máximo Foro ha expresado que esta intervención "debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley". *Rolón Martínez v. Supte. Policía*, supra, pág. 36. Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Íd.; OEG v. Martínez Giraud*, supra; *Super Asphalt v. AFI y otro*, supra.

Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad. Sec. 4.5 de la LPAU, 3 LPRA sec. 9675; *Rolón Martínez v. Supte. Policía*, supra, pág. 36; *Torres Rivera v. Policía de PR*, supra, pág. 627. No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra. *Íd.*

El Tribunal Supremo de Puerto Rico ha dispuesto que la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: "(1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales". *Torres Rivera v. Policía de PR*, supra, págs. 627-628; *OEG v. Martínez Giraud*, supra. Finalmente, nuestra más Alta Curia ha expresado que, conforme a

lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia". *OEG v. Martínez Giraud*, supra, pág. 11.

**B**

La revisión judicial no opera en el vacío; quien la procure debe contar con legitimación activa para ello. *Muns. Aguada y Aguadilla v. JCA*, 190 DPR 122, 136 (2014). Asimismo, solo puede ejercerse en un asunto que presente un caso o controversia, y no en aquellas circunstancias en que se presente una disputa abstracta cuya solución no tendrá consecuencias para las partes. *Fund. Surfrider y otros v. A.R.Pe.*, 178 DPR 563, 571-572 (2010); *E.L.A. v. Aguayo*, 80 DPR 552, 558-559 (1958). Una de las doctrinas de autolimitación derivadas del principio de *caso* o *controversia* es la legitimación activa mediante la cual se analiza si la parte compareciente es la parte adecuada para cuestionar una actuación gubernamental. *Muns. Aguada y Aguadilla v. JCA*, supra, pág. 132; *Fund. Surfrider y otros v. A.R.Pe.*, supra, pág. 572.

Ahora bien, en el ámbito del derecho administrativo, cuando una parte litigante solicita la revisión judicial sobre la constitucionalidad de una acción o decisión administrativa a través de un pleito civil, esta tiene que demostrar que: (1) ha sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso, no abstracto o hipotético; (3) existe una relación causal razonable entre la acción que se ejercita y el daño alegado; y (4) la causa de acción debe surgir al amparo de la Constitución o de alguna ley. *Fund.*

*Surfrider y otros v. A.R.Pe.*, supra, pág. 572; *Col. Peritos Elec. v. A.E.E.*, 150 DPR 327 (2000); *Hernández Torres v. Hernández Colón et al.*, 131 DPR 593, 599 (1992). Además, el Tribunal Supremo de Puerto Rico ha indicado, en cuanto al requisito del daño que tiene que sufrir la persona natural o jurídica que acude ante el foro judicial, que la lesión se puede basar en consideraciones ambientales, recreativas, espirituales o estéticas. *Íd.*, pág. 573.

Cónsono con lo anterior, la Sección 3.5 de la LPAU, 3 LPRA sec. 9645, dispone:

> Cualquier persona que tenga un interés legítimo **en un procedimiento adjudicativo** ante una agencia podrá someter una solicitud por escrito y debidamente fundamentada para que se le permita intervenir o participar en dicho procedimiento. La agencia podrá conceder o denegar la solicitud, a su discreción, tomando en consideración entre otros los siguientes factores:
> (a) Que el interés del peticionario pueda ser afectado adversamente por el procedimiento adjudicativo.
> (b) Que no existan otros medios en derecho para que el peticionado pueda proteger adecuadamente su interés.
> (c) Que el interés del peticionario ya esté representado adecuadamente por las partes en el procedimiento.
> (d) Que la participación del peticionario pueda ayudar razonablemente a preparar un expediente más completo del procedimiento.
> (e) Que la participación del peticionario pueda extender o dilatar excesivamente el procedimiento.
> (f) Que el peticionario represente o sea portavoz de otros grupos o entidades de la comunidad.
> (g) Que el peticionario pueda aportar información, pericia, conocimientos especializados o asesoramiento técnico que no estaría disponible de otro modo en el procedimiento.
> La agencia deberá aplicar los criterios que anteceden de manera liberal y podrá requerir que se le someta evidencia adicional para poder emitir la determinación correspondiente con respecto a la solicitud de intervención. (Énfasis nuestro).

Asimismo, "[s]i la agencia decide denegar una solicitud de intervención en un procedimiento adjudicativo notificará su determinación por escrito al peticionario, los fundamentos para la misma y el recurso de revisión disponible". 3 LPRA sec. 9646.

**c**

Aunque toda solicitud de intervención ante la Oficina de Gerencia de Permisos (OGPe) se regirá por lo dispuesto en la LPAU, *supra*, la *Ley para la Reforma del Proceso de Permisos de Puerto Rico*, Ley Núm. 161-2009, según enmendada, 23 LPRA sec. 9011 *et seq.* (Ley Núm. 161-2009), especifica que, además, se debe recurrir a los reglamentos aplicables a la agencia.

La Ley Núm. 161-2009, *supra*, se aprobó con el fin de establecer el marco legal y administrativo que regiría en la solicitud, evaluación, concesión y denegatoria de permisos de construcción que inciden en el desarrollo económico del Estado Libre Asociado de Puerto Rico. Mediante dicho estatuto, se creó la OGPe, las figuras del profesional e inspector autorizado, de los gerentes y oficiales de permisos y de los representantes de servicios, así como la Oficina del Inspector General de Permisos, la Junta Adjudicativa y la Junta Revisora.

Posteriormente, la Ley Núm. 161-2009, *supra*, fue enmendada por la Ley Núm. 151-2013 con el propósito, entre otros, de reestructurar la OGPe para cumplir con la meta de agilizar los procedimientos en el trámite de concesión y denegatoria de permisos. Además, se restituyó la aplicación de la LPAU en la revisión de la evaluación, el otorgamiento o la denegatoria de determinaciones finales y permisos, recomendaciones, certificaciones, licencias, certificados o cualquier otra autorización similar otorgada por la OGPe, los Municipios Autónomos con jerarquía de la I a la V, los profesionales e inspectores autorizados.

En lo pertinente, el inciso (a) del Artículo 15.2 de la Ley Núm. 161-2009, 23 LPRA sec. 9025a(a), define la *intervención* como:

> **Cualquier persona interesada en ser parte del proceso de evaluación de determinaciones finales**, **permisos, así como cualquier procedimiento adjudicativo requerido bajo las disposiciones de este capítulo deberá presentar**

**una solicitud de intervención**. El contenido, evaluación, adjudicación y revisión de determinaciones finales sobre solicitudes de intervención se regirá por lo dispuesto en la Ley de Procedimiento Administrativo Uniforme. Los detalles sobre el proceso de intervención deberán reflejarse en el Reglamento Conjunto. (Énfasis nuestro).

A tenor con los principios consagrados en el Artículo 2.8 de la Ley Núm. 161-2009, 23 LPRA sec. 9012g, la OGPe aprobó el *Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios*, Reglamento Núm. 9473 del 16 de junio de 2023 (Reglamento Conjunto del 2023). En lo aquí atinente, el referido cuerpo reglamentario define *interventor* como "[a]quella persona que no sea parte original en cualquier **procedimiento adjudicativo** que la agencia lleve a cabo y que haya demostrado su capacidad o **interés en el procedimiento**". Inciso (47) del Tomo XII Reglamento Conjunto del 2023, pág. 836. (Énfasis nuestro).

Por otro lado, la Sección 2.1.9.9 del Reglamento Conjunto del 2023, págs. 30-31, regula lo relacionado a la solicitud de intervención. En específico, la precitada sección dispone que:

> **Cualquier persona interesada en ser parte del proceso de evaluación de determinaciones finales**, **permisos**, así como cualquier procedimiento adjudicativo requerido bajo las disposiciones de la Ley 161-2009, **podrá presentar una solicitud de intervención debidamente fundamentada para que se le permita intervenir o participar en dicho procedimiento**. La JP, la OGPe, la Junta Adjudicativa, los Municipios Autónomos con Jerarquía de la I a la III, concederá o denegará la solicitud tomando en consideración lo dispuesto en la Ley 38- -2017, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme" (Ley 38-2017 o LPAU).
>
> a. **Factores a considerarse** - Se podrá conceder o denegar la solicitud, **a discreción**[,] tomando en consideración los siguientes factores:
>
>> 1. Que no existan otros medios en derecho para que el peticionario pueda proteger adecuadamente su interés.

2. Que el interés del peticionario ya esté representado adecuadamente por las partes en el procedimiento.
3. Que la participación del peticionario pueda ayudar razonablemente a preparar un expediente más completo del procedimiento.
4. Que la participación del peticionario pueda extender o dilatar excesivamente el procedimiento.
5. Que el peticionario represente o sea portavoz de otros grupos o entidades de la comunidad.
6. Que el peticionario pueda aportar información, pericia, conocimientos especializados o asesoramiento técnico que no estarían disponibles de otro modo en el procedimiento.
7. Que el interés del peticionario pueda ser afectado adversamente por el procedimiento adjudicativo.
8. Se deberá aplicar los criterios que anteceden de manera liberal y podrá requerir que se le someta evidencia adicional para poder emitir la determinación correspondiente con respecto a la solicitud de intervención.

b. **Denegatoria**: Toda denegatoria de una solicitud de intervención será notificada por escrito a todas las partes ya reconocidas, según la Regla 2.1.7, mediante una Resolución fundamentada con determinaciones de hecho y conclusiones de derecho, apercibiendo al peticionario del derecho que le asiste de solicitar reconsideración, revisión administrativa o acudir en [r]evisión [j]udicial al Tribunal de Apelaciones, con indicación de los términos disponibles para ello. (Énfasis nuestro).

Aclaramos que la decisión de conceder o denegar una petición de intervención en un procedimiento administrativo es el resultado de la discreción de la agencia. Sin embargo, ello conlleva una interpretación estatutaria que no incide en la pericia administrativa. *San Antonio Maritime v. P.R. Cement Co.*, 153 DPR 374 (2001).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

En la presente causa, la parte recurrente argumenta en su primer señalamiento de error que la OGPe incidió al denegar su *Solicitud de Intervención* por concluir que no existe un procedimiento adjudicativo pendiente. Como segundo error señalado, plantea que la OGPe erró al no ordenar la paralización de los efectos del Permiso en cuestión, aplicando el Artículo 14.3 de la Ley Núm. 161-2009, 23 LPRA sec. 9024b. En su tercer y último señalamiento de error, alega que la inacción de la OGPe le da razón, sentido y legalidad al desarrollo propuesto en el caso de epígrafe. Habiendo examinado los referidos señalamientos a la luz del derecho aplicable y la prueba, confirmamos la *Resolución* administrativa recurrida. Nos explicamos.

Un examen sosegado del expediente que nos ocupa mueve nuestro criterio a resolver que no se hacen presentes los criterios legales que legitiman nuestra intervención respecto a lo dispuesto por el organismo administrativo concernido. En el caso de autos, el 13 de agosto de 2025, la parte recurrente solicitó la intervención en un procedimiento de aprobación de un permiso de construcción que había sido expedido el 12 de mayo de 2025. Es decir, a la fecha de presentada la referida solicitud de intervención, no existía un procedimiento activo o pendiente de adjudicación ante la consideración de la OGPe. Por otro lado, de una lectura de dicha moción, surge que lo que la parte recurrente pretendía era impugnar el Permiso aprobado, mas no intervenir en el procedimiento de aprobación comenzado en el año 2023 y culminado en mayo del año corriente. A nuestro juicio, el manejo y resolución del caso desplegado por la OGPe estuvo dentro de los parámetros de su sana discreción y no amerita nuestra intervención.

En mérito de lo antes expuesto, sostenemos la determinación agencial recurrida. Nada en el expediente de autos sugiere que el

pronunciamiento que atendemos haya resultado de un ejercicio arbitrario atribuible a la OGPe. Por tanto, en ausencia de prueba al contrario, solo podemos sostener su determinación.

**IV**

Por los fundamentos que anteceden, confirmamos la *Resolución* administrativa recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones